[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16985
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00162-CR-UWC-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIAN CASTILLO MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 2, 2009)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Juan Castillo Martinez appeals his 57-month sentence

for possession with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1).

According to the presentence investigation report ("PSI"), to which Martinez did not object, Martinez was pulled over by an Alabama trooper for an improper lane change. After obtaining consent to search Martinez's car, the trooper discovered five packages of cocaine, totaling 3.97 kilograms, hidden in the car's battery.

The PSI recommended a base offense level of 30, pursuant to U.S.S.G. § 2D1.1(c)(5). The PSI reduced the offense level by two levels, pursuant to U.S.S.G. § 2D1.1(b)(11), because Martinez met the safety-valve criteria of § 5C1.2, which also excused Martinez from the five-year statutory mandatory minimum sentence. After a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, the PSI calculated a total offense level of 25. With a criminal history category of I, Martinez's resulting advisory guidelines range was 57 to 71 months' imprisonment. The maximum sentence for his drug offense was forty years' imprisonment. See 21 U.S.C. § 841(b)(1)(B).

At sentencing, the district court adopted the PSI's guidelines calculations without objection. Martinez requested a downward departure under the guidelines because: (1) he was statistically less likely to be a recidivist due to his age; (2) he

2

had a history of serious alcohol abuse; (3) and he is a Cuban citizen who is also a lawful permanent resident of the United States. With regard to the third argument, Martinez pointed out that because this conviction was a serious drug offense, he was subject to deportation at the completion of his sentence, pursuant to 8 U.S.C. § 1227(A)(2)(B). However, as a Cuban national, he might not be permitted repatriation back to Cuba and faced "the possibility of indefinite detention." The district court denied the downward departure request.

In support of a downward variance, Martinez presented testimony from a "mitigation expert" who testified mainly about Martinez's socioeconomic and health-related issues. His counsel further elaborated upon the argument as to his immigration status. Martinez requested a sentence of time-served (8 months) and probation. The government sought a sentence within the advisory guidelines range.

The district court imposed a 57-month sentence, at the low end of the advisory guidelines range. In so doing, the district court referenced several of the § 3553(a) factors, as follows:

> The Court finds that this sentence is sufficient but not greater than
> necessary to comply with the statutory purposes of sentencing.
> Further, the Court finds that the sentence is reasonable when considering the nature
> and circumstances of the crime and your history and characteristics. The sentence
> reflects the seriousness of the crime, promotes respect for the law, and provides
> just punishment for the crime as well as affording adequate deterrence to criminal

3

conduct.

Martinez filed this appeal, arguing that his sentence is unreasonable.

We review the reasonableness of a sentence for abuse of discretion using a two-step process. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances. Id. The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors. United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).[1] We ordinarily expect that a sentence within the advisory guidelines range will be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

Martinez does not point to any procedural error in his sentencing. Instead, Martinez argues that his sentence is substantively unreasonable because of his immigration status.

Martinez has not carried his burden to show that the district court abused its

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

discretion in imposing a 57-month sentence, at the low end of the advisory guidelines range of 57 to 71 months. The district court correctly calculated the guidelines range and considered the § 3553(a) factors. The district court highlighted several factors it relied upon in reaching its sentencing decision, including Martinez's background, the seriousness of the crime and the need for just punishment and deterrence.

That the district court did not deem Martinez's immigration status to be sufficient justification to impose a sentence below the advisory guidelines range does not constitute an abuse of discretion. Indeed, the length of Martinez's sentence has no bearing on the immigration issue Martinez raised. Once Martinez pled guilty to the drug offense charged and the district court reduced that plea to a judgment, the deportation provision of 8 U.S.C. § 1227(a)(2)(B) was triggered irrespective of any concurrent or subsequent sentencing decision by the district court. See 8 U.S.C. §§ 1227(a)(2)(B), 1101(a)(48)(A); Ali v. U.S. Att'y Gen., 443 F.3d 804, 809 (11th Cir. 2006). In other words, once he pled guilty, Martinez faced the possibility of immigration detention regardless of the length of his criminal sentence.

**AFFIRMED.**